11-4878-cr
United States v. Britt

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand thirteen,

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                   *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                   *Appellee*,

          -v-                                          11-4878-cr

RICHARD BRITT,

                   *Defendant-Appellant*.[*]

---

Appearing for Appellee:     Brian A. Jacobs and Brent S. Wible, Assistant United States
                            Attorneys, *for* Preet Bharara, United States Attorney, Southern
                            District of New York

Appearing for Appellant:    Paul Joseph McAllister, New York, NY, and Daniel S. Nooter,
                            Washington, DC

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, *J.*).

---

[*] The Clerk of the Court is directed to change the caption as set out above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Richard Britt appeals from the judgment of conviction dated November 10, 2011 and entered by the district court on November 15, 2011. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As the Appellant did not raise the claims in this appeal below, they are forfeited and thus reviewed only for plain error. Fed. R. Crim. P. 52(b). The plain error standard requires the Appellant to demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks omitted). Appellant cannot demonstrate plain error as to any of his claims in this case.

In order to be granted a new trial on the grounds that a witness committed perjury, the defendant must show that "(i) the witness actually committed perjury; (ii) the alleged perjury was material; (iii) the government knew or should have known of the perjury at [the] time of trial; and (iv) the perjured testimony remained undisclosed during trial." *United States v. Zichettello*, 208 F.3d 72, 102 (2d Cir. 2000) (citations omitted). In this case, Appellant has totally failed to demonstrate that the witness committed perjury; thus, a new trial is not warranted on these grounds. Despite Appellant's arguments to the contrary, the witness's testimony was not in conflict with the representations of the government at trial.

We find Britt's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2